UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                         CRIMINAL ACTION NO. 3:21-CR-27-DJH

ANTONEO WATKINS                                                                              DEFENDANT

**SENTENCING MEMORANDUM**
*ELECTRONICALLY FILED*

Comes the Defendant, Antoneo Watkins, by and through counsel, Brian Butler, and hereby submits the following sentencing memorandum in support of a 10 month split sentence:

Mr. Watkins pled guilty to being an unlawful user of marijuana in possession of firearms. The Presentence Investigation Report ("PSI") calculates Mr. Watkin's United States Sentencing Guideline ("Guidelines") range at 15 – 21 months.  The United States will advocate for a 15 month sentence.  Considering the factors in 18 U.S.C. § 3553(a), the undersigned respectfully requests the Court sentence Mr. Watkins to a 10 month split sentence (5 months of incarceration and 5 months of home detention) which represents a two level variance.

APPLICATION OF 18 U.S.C. § 3553(a)

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply the delineated sentencing considerations.

A.       Nature and Circumstances of the Offense

On January 5, 2021, Mr. Watkins was arrested for outstanding state court warrants.[1]  Mr.

---

[1] 20-CR-608 was dismissed on February 9, 2021.   20-F-2607 was amended to a misdemeanor offense and Mr. Watkins was sentenced to a fine.   Mr. Watkins was placed in a felony diversion program pursuant to case number 19-CR-717.

Watkins was in possession of two firearms at the time of his arrest. Upon his arrest, Mr. Watkins consented to an interview with law enforcement. During the interview, he candidly admitted to being a frequent marijuana user. In his interview, he was clearly unaware that being a routine marijuana user meant it was a federal felony offense to possess firearms.

While Mr. Watkins' conduct violated federal law, it is worth noting that Mr. Watkins is being prosecuted under a rarely enforced statute.[2] Personal use marijuana is legal in numerous states and has essentially been de-criminalized in Jefferson County, Kentucky. Nearly all chronic marijuana users found in possession of a firearm are not federally prosecuted. If charged at all, they are charged with the state felony charge of possession of marijuana while in possession of a firearm. Jefferson County state prosecutors almost never continue to pursue this charge as a felony offense. Possession of marijuana while in possession of a firearm frequently results in a forfeiture of the firearm and dismissal upon demonstrating proof of attending a marijuana education class. Given the aforementioned, the sentence we are suggesting is substantially more severe than the *vast* majority of individuals who commit this offense.

Moreover, Mr. Watkins entered a plea in state court to possessing the guns associated with this case in violation of a state court order two months prior to the initiation of the federal prosecution. He received a one year sentence conditionally discharged (unsupervised probation). While the federal prosecution is obviously not Double Jeopardy because it is a different sovereign and a different charge, Mr. Watkins is essentially being punished a second time for illegally possessing these guns on January 5, 2021.

Nonetheless, Mr. Watkins immediately accepted responsibility for violating federal law and quickly moved to resolve this case with the United States.

---

[2] Pursuant to TRACFed data services, there were only 114 prosecutions nationwide pursuant to 18 U.S.C. §

B.  Personal History and Characteristics

Mr. Watkins has a close family and supportive family in Louisville. He has one child and has been in a lengthy relationship with the mother of his child.

He is a criminal history category III. However, he does not have a felony conviction nor does he have a conviction that warranted 2 or more criminal history points as he has never been incarcerated for even 60 days.

This felony conviction alone will have life altering consequences and because it is a federal conviction Mr. Watkins will never be able to expunge his record like he will be able to do with his state misdemeanor charges.

C.  Need for the Sentence Imposed.

A 10 month split sentence is sufficient but not greater than necessary to accomplish the goals of sentencing. Mr. Watkins has received a felony conviction. If he possesses a gun in the future, he will unquestionably be prosecuted and face a much more significant sentence. Removing his right to carry a weapon was likely the goal of this prosecution and that goal has been accomplished whether or not Mr. Watkins serves a prison sentence.

Moreover, a lengthy prison sentence is unnecessary to further deter Mr. Watkins. Our suggested 5 months of incarceration is far longer than any amount of time Mr. Watkins' has ever spent in jail and is a further specific deterrent to future misconduct.

General deterrence is also satisfied by our requested sentence. Frankly, anyone who is aware of this prosecution will likely be surprised that Mr. Watkins' conduct violated federal law and will be further surprised that you can essentially be prosecuted for the same event in both state and federal court. To the extent general deterrence works, this prosecution certainly creates

---

922(g)(3) in 2017. By contrast, they report 6,161 prosecutions under 18 U.S.C. § 922(g)(1) (felon in possession).

awareness of the reach of the United States to enforce a plethora of not only well-known federal laws but obscure federal laws as well.

   D. <u>Avoiding Unwarranted Sentencing Disparities.</u>

As previously stated, Mr. Watkins is a rare defendant who is being prosecuted in United States District Court for being a chronic marijuana user in possession of a firearm. His mere presence in federal court and his resulting felony conviction creates a significant disparity between Mr. Watkins and the countless other people who routinely use marijuana and own firearms.

Additionally, firearms charges often result in sentences below the applicable Guideline range. According to the United States Sentencing Commission's 2019 statistics for the Sixth Circuit, only 50% of defendants sentenced for firearms charges received a Guideline sentence.

In this case, we have a firearms charge that is rarely prosecuted. As previously stated, the vast majority of firearms prosecutions involve felons in possession of a firearm. By their very nature, the defendants would almost uniformly have more significant criminal histories than Mr. Watkins. Yet, half of all defendants prosecuted for a firearms offense receive a below Guideline sentence for one reason or another.[3] As such, even a low end Guideline sentence would likely lead to an unwarranted sentencing disparity.

---

[3] Variances were granted in 35% of the cases.

WHEREFORE, Antoneo Watkins respectfully requests that the Court sentence him to a 10 month split sentence (5 months of incarceration and 5 months of home detention) representing a two level variance.

Respectfully submitted,

/S/ Brian Butler

Brian Butler
Stites & Harbison
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
(502) 594-1802

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Sentencing Memorandum was electronically filed on September 10, 2021, with service to counsel of record.

/S/ Brian Butler

Brian Butler
Attorney at Law