UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL NO. 3:21-CR-27-DJH

ANTONEO WATKINS                                             DEFENDANT

### UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Erin G. McKenzie, files its memorandum in support of sentencing in this action currently scheduled for September 23, 2021.

### Statutory Sentencing Provisions

A conviction under Title 18, United States Code, Sections 922(g)(3) carries no minimum term of imprisonment and a maximum term of imprisonment of ten (10) years, a potential maximum fine of $ 250,000, and a period of supervised release of up to three (3) years. 18 U.S.C. § 922(g)(3); 18 U.S.C. § 924(a)(2).

### Guideline Calculations

The United States agrees with the guideline calculation prepared by the United States Probation Office.

### Criminal History

The United States concurs with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category III.

## Appropriate Sentence

The advisory guideline sentencing range is 15 to 21 months' incarceration.

In accordance with the parties' plea agreement, the United States recommends a sentence at the low end of the guideline range. If the above calculations are found to be correct, that results in a sentence of 15 months' imprisonment. The United States further asks for three years of supervised release.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Not only is the advisory guideline sentencing range a factor required to be considered under the statute, appellate courts have applied a presumption of reasonableness to sentences within the guidelines. *See Rita v. United States,* 551 U.S. 338, 347-348 (2007). The guideline range is the starting point, and in this case, the 3553 factors only balance in favor of the guidelines. The factors do not, as the defendant suggests, call for a sentence of five months in jail followed by home detention.

The defendant, while young and not previously a felon, has a poor history with regard to staying out of trouble. In spite of his youth he nevertheless has already attained a criminal history category three. While the defendant is correct that he only has prior convictions that earn one point, the reality behind that statement is that he has a history of picking up new criminal violations while either still on release for pending charges or while on unsupervised probation ("conditional discharge") related to recent convictions. It is also worth noting that the defendant has been convicted of multiple criminal violations related to firearms.

The defendant also had been wanted for several months on three separate felony warrants at the time of his arrest by LMPD fugitive detectives when he was caught with a Glock and an AK style pistol that had been spray painted black. Two of those warrants were bench warrants related to felony indictments.

The United States submits, as it has always believed, that a fifteen-month sentence is an appropriate sentence in this case. The defendant previously also agreed but now asks the Court for a downward variance and a sentence that would only require him to spend five months in jail. The facts on the ground have not changed—only the defendant's mind has changed.

Nevertheless, a fifteen-month sentence is reasonable and will provide sufficient time in custody to have a deterrent and punishing effect. It will also properly reflect the seriousness of the offense, which is, despite the defense attempt to minimize, a gun crime and not the first or even the second time the defendant has committed a criminal violation relating to firearms.

The defendant claims that his request for a variance and a split sentence that only requires five months of jail time is necessary to prevent disparities as outlined in 18 U.S.C. § 3553. This claim is not only false, it is also contrary to Sixth Circuit case law.

> The point of the guidelines is to decrease sentencing disparities, an objective *furthered* by a within-guidelines sentence, as opposed to a sentence that varies above or below the advisory guidelines range. The very thing Swafford presumably wants—a below-guidelines sentence—is more likely to create disparities than eliminate them.

*United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011).

The defendant also places before the Court what he believes is a typical outcome in state court for marijuana users with firearms, as well as his belief that the crime of conviction is so rarely charged in federal court that a disparity exists *ab initio*. The implication is that the Court should sentence Watkins more leniently than the low end of the guidelines because most people who **could** be prosecuted under 18 U.S.C. § 922(g)(3) aren't. This is not a ground on which to base a downward variance as defendant requests. The Sixth Circuit has held that a defendant's likely sentence or outcome in state court is not an appropriate consideration under 18 U.S.C. § 3553(a). *See United States v. Malone,* 503 F.3d 481, 486 (6th Cir. 2007).

The unwarranted disparity discussed in the statute contemplates disparities among similarly situated defendants convicted of the same offense. The United States does not suggest the defendant is among the worst offenders convicted of the same crime. But that is not justification for a downward variance from an already modest guideline range. The defendant's

"middle of the road" criminal history category, as well as the facts of this case, bring this case within the heartland of prohibited persons cases. As such, a low-end guideline sentence appropriately reflects that and appropriately achieves the goals behind the §3553(a) factors.

## Conclusion

The United States respectfully requests the Court to follow the agreed upon recommendation of the parties and sentence defendant 15 months' imprisonment to be followed by three years of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

*s/ Erin Grace McKenzie*
Erin G. McKenzie
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911
FAX: (502) 582-5067

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*/s/Erin Grace McKenzie*
Erin G. McKenzie
Assistant U.S. Attorney